## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **RITFIT LLC and NINGBO RUITEFEI SPORTS TECHNOLOGY CO., LTD.**<br><br>        Plaintiffs,<br><br>v.<br><br>**ZHONG YIN, an individual; and NINGBO HUAYUE DIANZI SHANGWU YOUXIAN GONGSI d/b/a LIONSCOOL,**<br><br>        Defendants. | CASE NO.: 26-cv-4386<br><br><br>**JURY TRIAL DEMAND** |

### COMPLAINT FOR DECLARATORY JUDGMENT OF
### PATENT INVALIDITY AND NON-INFRINGEMENT

Plaintiffs RitFit LLC and Ningbo Ruitefei Sports Technology Co., Ltd. (collectively, "RITFIT" or "Plaintiffs") bring this action against Defendants Zhong Yin and Ningbo Huayue Dianzi Shangwu Youxian Gongsi d/b/a LIONSCOOL (collectively, "Defendants" or "LIONSCOOL"), and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of patent invalidity and non-infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Plaintiffs bring this action against Defendants to obtain a declaration that: (a) U.S. Patent No. 12,427,372 B2 (the "'372 Patent") is invalid under 35 U.S.C. §§ 102 and 103; and (b) RITFIT's leg extension and curl machine (ASIN: B0DJ8Z95WX) (the "RITFIT Product") does not infringe any valid and enforceable claim of the '372 Patent. A copy of U.S. Patent No. 12,427,372 B2 is attached as Exhibit A.

1

3. An actual and justiciable controversy has arisen between the parties. On or around February 16, 2026, Amazon.com notified Plaintiffs through its Patent Evaluation Express neutral evaluation program that Defendant Ningbo Huayue Dianzi Shangwu Youxian Gongsi d/b/a LIONSCOOL had filed a complaint alleging that Plaintiffs' product, ASIN B0DJ8Z95WX, infringed the '372 Patent. As a direct result of Defendants' complaint and the resulting neutral evaluation process, Amazon.com delisted the RITFIT Product on or around March 10, 2026, causing immediate and substantial harm to RITFIT's business. A true and correct copy of Amazon's neutral evaluation notice to Plaintiffs dated February 16, 2026, identifying Defendant Ningbo Huayue Dianzi Shangwu Youxian Gongsi d/b/a LIONSCOOL as the complaining party under the '372 Patent, is attached as Exhibit D. RITFIT timely submitted an appeal to Amazon on March 11, 2026, which Amazon denied on March 13, 2026, requiring either a court order or a retraction from Defendants as a prerequisite to relisting. A true and correct copy of RITFIT's March 11, 2026 Amazon appeal submission (Plan of Action) is attached as Exhibit E. A true and correct copy of Amazon's March 13, 2026 appeal denial letter, rejecting RITFIT's appeal and requiring a court order or LIONSCOOL retraction, is attached as Exhibit F. Absent declaratory relief from this Court, RITFIT's product will remain delisted and RITFIT will continue to suffer irreparable competitive and financial harm.

4. The '372 Patent is invalid for multiple independently sufficient reasons. First, all claims of the '372 Patent are obvious under 35 U.S.C. § 103 in light of prior art that was publicly available before Defendants' November 21, 2024 filing date. Second, certain claims are anticipated under 35 U.S.C. § 102 by third-party prior art products, including the RITFIT Product itself, which the USPTO Examiner expressly cited as a non-patent citation during prosecution, that were publicly available and on sale prior to the patent's filing date. Compounding these invalidity

2

defects, RITFIT's product does not infringe any claim of the '372 Patent because it lacks one or more elements of each independent claim.

## THE PARTIES

5. Plaintiff RitFit LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York. RitFit LLC is a wholly owned subsidiary of Ningbo Ruitefei Sports Technology Co., Ltd. and is the operator of the RITFIT Amazon storefront. RitFit LLC is the direct seller of the RitFit PLC01 Leg Extension & Curl Machine on Amazon.com, and the party whose product listing was removed as a result of Defendants' actions. See Declaration of Yangbo Lin ("Lin Decl.") ¶ 4.

6. Plaintiff Ningbo Ruitefei Sports Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business in Ningbo, Zhejiang Province, China. Ningbo Ruitefei Sports Technology Co., Ltd. is the parent company of RitFit LLC and designs, manufactures, and supplies RITFIT-branded fitness equipment, including the RitFit PLC01 Leg Extension & Curl Machine. Lin Decl. ¶ 4.

7. Upon information and belief, Defendant Zhong Yin ("Yin") is an individual and a citizen of China, residing in Zhejiang Province, China. Yin is the named inventor and, upon information and belief, an assignor of the '372 Patent.

8. Upon information and belief, Defendant Ningbo Huayue Dianzi Shangwu Youxian Gongsi ("Ningbo Huayue") is a company organized under the laws of the People's Republic of China, conducting business under the trade name LIONSCOOL. Upon information and belief, Ningbo Huayue is the assignee and owner of the '372 Patent and the entity that filed the patent infringement complaint against RITFIT with Amazon.com.

3

9.      Defendants sell fitness equipment through Amazon.com and directly through the website https://www.lionscool.com under the LIONSCOOL brand, including products that compete directly with the RITFIT Product in the United States market, including in this judicial district. A true and correct copy of screenshots of LIONSCOOL's Amazon storefront and website, evidencing the sale of products to consumers in the State of Illinois and the United States, is attached as Exhibit G.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This action arises under the Patent Act, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Federal courts have exclusive jurisdiction over patent matters under 28 U.S.C. § 1338(a).

11.      An actual case or controversy exists between the parties within the meaning of Article III of the United States Constitution and 28 U.S.C. § 2201, as interpreted by the Supreme Court in *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007). Defendants have affirmatively asserted the '372 Patent against RITFIT by filing a patent infringement complaint with Amazon.com that caused the removal of RITFIT's product listing. A substantial, immediate, and real dispute exists regarding the validity and enforceability of the '372 Patent, as well as whether RITFIT's Product infringes any valid claim thereof.

12.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have purposefully directed their enforcement activities toward RITFIT's commercial operations in the United States, including in this judicial district. Specifically, Defendants filed a patent infringement complaint with Amazon.com targeting RITFIT's product, which was actively offered for sale on Amazon.com and accessible to consumers in Illinois. As a

direct result of that complaint, Amazon delisted the RITFIT Product, directly harming RITFIT's business in Illinois. Additionally, Defendants sell competing products through Amazon.com and their website to customers throughout the United States, including Illinois residents. See Ex. G. Defendants have thereby purposefully availed themselves of the privilege of conducting business in this judicial district. In the alternative, this Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because Defendants are not subject to jurisdiction in any single state's courts of general jurisdiction and have sufficient contacts with the United States as a whole, including filing and enforcing the '372 Patent through Amazon's U.S. marketplace and submitting a patent infringement complaint to Amazon targeting sales to U.S. consumers.

13.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(3). As foreign defendants not resident in the United States, Defendants Yin and Ningbo Huayue may be sued in any judicial district in the United States pursuant to 28 U.S.C. § 1391(c)(3). Independently, and in the alternative, venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district, including Defendants' enforcement activities targeting Plaintiffs' sales to consumers in Illinois and causing direct commercial injury to RITFIT within this district.

**FACTUAL BACKGROUND**
**A.     RITFIT and Its Prior Art Product**

14.     Plaintiffs are manufacturers and sellers of the RITFIT Product. The RITFIT Product is a plate-loaded, cable-operated leg extension and curl machine designed for home and commercial gym use.

15.     Plaintiffs publicly listed the RITFIT Product for sale on Amazon.com on or about September 30, 2024. Plaintiffs recorded their first customer sales order on or about October 7,

5

2024. Plaintiffs also publicly featured the RITFIT Product on their official website, https://www.ritfitsports.com, beginning on or before September 20, 2024. The first customer order for the RITFIT Product on their official website was placed on or about September 20, 2024.

16. The RITFIT Product was independently developed by RITFIT's research and development team. RITFIT's development process preceded Defendants' patent application filing date of November 21, 2024. Lin Decl. ¶¶ 5-8.

17. The USPTO Examiner who reviewed Defendants' patent application affirmatively cited RITFIT's product website ("https://www.ritfitsports.com/products/ritfit-plc01-leg-extension-curl-machine", September 30, 2024) as a non-patent citation during the prosecution of the '372 Patent, confirming that the RITFIT Product constituted publicly known prior art as of that date. A screenshot of page 2 of Exhibit A is attached as Exhibit B.

## B.    Defendants and the '372 Patent

18. Upon information and belief, the '372 Patent was filed on November 21, 2024 and issued on September 30, 2025, titled "Leg Training Device." The named inventor is Zhong Yin of Zhejiang, China. The assignee is Ningbo Huayue Dianzi Shangwu Youxian Gongsi. See Ex. A

19. Prior to filing the '372 Patent application, Defendants' own LIONSCOOL product, which embodies the same general technology as the '372 Patent, was publicly available on Amazon.com as early as February 22, 2024, and on Defendants' own website at https://www.lionscool.com as of June 13, 2024. Both of these disclosures predate Defendants' filing date of November 21, 2024. The USPTO Examiner also cited these Lionscool product pages as non-patent citations during prosecution. See Ex. A & B.

20. The '372 Patent contains eleven (11) claims. Independent Claims 1 and 10 each claim a leg training device comprising a support frame, a seat, a leg exercise component, a

counterweight bearer rotatably disposed on the support frame, and a load transfer component connecting them. The load transfer component comprises a connecting element (e.g., a rope) that bypasses a guiding element (e.g., a pulley or guide wheel), and is configured to constantly transfer the weight of the counterweight bearer to the leg exercise component while simultaneously pulling the counterweight bearer to turn over. Claims 2 through 9 depend from Claim 1, and Claim 11 depends from Claim 10. The USPTO Examiner's Non-Final Office Action, dated January 23, 2025, initially rejected all 18 pending claims of the '372 Patent application as anticipated under 35 U.S.C. § 102(a)(1) by Defendants' own LIONSCOOL product, mapping each claim element to the LIONSCOOL product in a detailed figure annotation. Defendants overcame this rejection only by submitting a declaration under 37 CFR 1.132 invoking the inventor-disclosure exception of 35 U.S.C. § 102(b)(1)(B), effectively conceding that the LIONSCOOL product embodies the claimed invention and was publicly available before Defendants' own filing date. See Ex. C.

21.     The key technical features claimed by the '372 Patent include: (a) a rotatably disposed counterweight bearer that flips/turns over as the connecting element transfers load; (b) a link mechanism comprising a first rod, a second rod, and a bolt; (c) an adjusting mechanism comprising an adjusting disk and a rotating shaft connected to the link mechanism via the bolt; and (d) a rope/guide wheel load transfer system providing a 1:1 transmission ratio between the leg exercise component and the counterweight bearer.

### C.     Defendants' Patent Assertion Campaign Against RITFIT

22.     On or around February 16, 2026, Amazon.com notified Plaintiffs through its Patent Evaluation Express neutral evaluation program that Defendants had filed a complaint against Plaintiffs' product, ASIN B0DJ8Z95WX, alleging infringement of the '372 Patent. See Ex. D.

23. As a direct and immediate result of Defendants' complaint, Amazon.com removed the RITFIT Product from its marketplace on or around March 10, 2026, causing RITFIT substantial, ongoing financial harm and disruption to its business operations.

24. RITFIT timely submitted an appeal to Amazon on or around March 11, 2026, providing detailed evidence of non-infringement, prior art, RITFIT's own prior sales, and RITFIT's status as a prior use inventor. Amazon denied RITFIT's appeal on or around March 13, 2026, advising that RITFIT must provide either (a) a court order stating that RITFIT is allowed to sell the product and is not violating Amazon policy, or (b) a retraction from Defendants, as a prerequisite to relisting. See Ex. E & F.

25. Defendants have not retracted their complaint. Unless this Court grants the declaratory relief sought herein, the RITFIT Product will remain delisted, and RITFIT will suffer continued, irreparable harm to their business, revenues, and customer relationships. Lin Decl. ¶¶ 9-13.

### D.     The Prior Art

26. Well before Defendants filed the '372 Patent application on November 21, 2024, the technology claimed therein was already known and publicly available through multiple prior art references. These prior art references include, without limitation, the following:

27. U.S. Patent No. 5,356,360 (Johns, "the Johns Reference"), titled "Adjustable Lever Arm Variable Resistance Cam Assembly," issued October 18, 1994. The Johns Reference discloses a weight lifting machine comprising a frame base supporting a seat support frame and user seat, a weight support frame supporting a weight set (counterweight bearer), a cam assembly (leg exercise component), and a cable and pulley system (load transfer component) connecting the cam assembly to the weight set such that rotation of the cam assembly lifts the weight set. The

8

Johns Reference discloses the foundational structural and functional elements of the '372 Patent's claimed leg training device.

28. U.S. Patent No. 10,500,439 B1 (Holman, "the Holman Reference"), titled "Exercise System," issued December 10, 2019. The Holman Reference discloses a weight-training device incorporating a rotatably mounted weight bearer, which the USPTO Examiner found to be an art-recognized equivalent to a conventional weight stack in the exercise equipment field. The Examiner relied on Holman during prosecution of the '372 Patent to establish that substituting a rotatably disposed counterweight bearer for a weight stack was an obvious design choice. See Ex. C.

29. The Altas Strength Compact Leg Curl & Extension Station AL-169 (the "Altas Reference"), publicly available via YouTube video[1] as early as October 2, 2024. The Altas Reference discloses a plate-loaded leg extension and curl machine comprising a support frame, an adjustable seat, a leg exercise component with a roller pad, a rotatably mounted counterweight bearer, a fixed seat supporting the counterweight bearer in a rest position, and a rope-and-guide-wheel load transfer system providing a 1:1 transmission ratio. The Altas Reference also discloses the inclined frame structure of Claim 11. The USPTO Examiner cited this reference during prosecution. See Ex. A & B.

30. Chinese Utility Model Patent No. CN217067550U (the "CN217067550U Reference"), titled "Resistance Providing Mechanism and Prone Leg Curl Training Device", published July 29, 2022, more than two years before Defendants' filing date. CN217067550U constitutes prior art under 35 U.S.C. § 102(a)(1) and discloses, with specificity, the structural elements that distinguish Claim 1 from US5356360A. In particular, CN217067550U discloses: (a)

---

[1] See https://youtu.be/K1OczkwJurA?si=adxqe3NrQJroLvq5, last visit on April 13, 2026.

a driving cam rotatably connected to a support frame via a first axis, corresponding to the adjusting disk and rotating shaft of Claim 1; (b) a hook-leg frame rotatably connected to the first axis and fixedly connected at variable angles to the driving cam, corresponding to the second rod and its connection to the adjusting disk via a bolt; (c) a first pull-pin insertable into any of multiple spaced adjustment holes on the driving cam, directly corresponding to the bolt-and-adjusting-holes mechanism of Claims 1 and 7; (d) a foot pad on a foot pad frame corresponding to the roller pad sleeved on a roller pad rod; and (e) a traction rope fixedly connected to the driving cam via a first connection mechanism, corresponding to the load transfer component fixedly connected to the adjusting disk as claimed in Claim 4. The hook-leg frame's rotatable connection to the first axis further discloses the "second rod connected to the rotating shaft" limitation of Claim 9.

31. The RITFIT PLC01 Leg Extension and Curl Machine (the "RITFIT Reference"), publicly available via YouTube video[2] as early as September 23, 2024, and offered for sale on Amazon.com as of September 30, 2024 and on RITFIT's official website as of September 20, 2024. The RITFIT Reference discloses a plate-loaded cable-operated leg extension and curl machine with a support frame, seat, leg exercise component, rotatably mounted counterweight bearer, fixed support seat for the counterweight bearer at rest, and a rope-and-pulley load transfer system. The USPTO Examiner cited this reference during prosecution. See Ex. A & B.

32. Proformance Plus Plate Loaded Dual Leg Extension Prone Leg Curl (the "Proformance Plus Reference"), publicly available via YouTube video[3] as early as August 23, 2021. The Proformance Plus Reference likewise discloses a plate-loaded leg training device embodying a cable-and-pulley load transfer system with a rotatably mounted counterweight bearer, inclined frame, and associated structural features claimed in the '372 Patent.

---

[2] See https://www.youtube.com/watch?v=YTFO3MUn5R4 ,last visit on April 13, 2026.
[3] See https://www.youtube.com/watch?v=9bj6fTWIYIg, last visit on April 13, 2026.

33.     Collectively, the Johns Reference, the CN217067550U Reference, the Altas Reference, the RITFIT Reference, and the Proformance Plus Reference (together, the "Prior Art References") disclose all elements of Claims 1 through 11 of the '372 Patent, either individually or in combination.

34.     Notably, the prosecution record of the '372 Patent confirms the obviousness of its claims through two separate rejections. First, the USPTO Examiner's January 23, 2025 rejection found that Defendants' own LIONSCOOL product anticipated all 18 pending claims, mapping each element, including the link mechanism, adjusting mechanism, load transfer component, and rotatably disposed counterweight bearer, to the LIONSCOOL product. Second, the Examiner's April 28, 2025 rejection found that Johns discloses the link mechanism (first rod 32, second rod 6, bolt 8) and adjusting mechanism (adjusting disc 2, rotating shaft 16, first bearings 26), and relied on Holman for the proposition that a weight stack and a rotatably mounted counterweight bearer are "art recognized equivalents," making it obvious to substitute one for the other. In response to the second rejection, Defendants cancelled seven claims, amended Claims 1 and 10 (as issued), and added new Claim 11, arguing that Johns does not disclose the specific first rod, second rod, bolt, and adjusting disk linkage configuration or the fixed seat supporting the counterweight bearer. The Examiner allowed the amended claims. However, the Examiner never had before him the CN217067550U Reference, which discloses the very structural features, including the hook leg frame (second rod) connected to a driving cam (adjusting disk) via a pull pin (bolt) insertable into spaced adjustment holes, and the second rod's connection to the rotating shaft, that Defendants relied upon to distinguish Johns. The Examiner's own analysis, together with the prior art not considered during prosecution, confirms that the '372 Patent claims nothing more than an obvious

11

combination of elements already known in the prior art. A copy of USPTO's January 23, 2025 rejection and April 28, 2025 rejection is attached as Exhibit C.

35.     Upon information and belief, at the time Defendants filed the '372 Patent application and at the time they asserted it against RITFIT, Defendants knew or reasonably should have known that the technology claimed in the '372 Patent was already publicly disclosed, including by Defendants' own LIONSCOOL product, which was publicly available on Amazon.com and Defendants' own website months before the filing date. Defendants nonetheless filed the '372 Patent and used it as the basis for a complaint through Amazon's neutral evaluation program to cause the removal of Plaintiffs' competing product from Amazon.com, notwithstanding the existence of substantial prior art and RITFIT's own prior commercial use. This conduct renders this case exceptional within the meaning of 35 U.S.C. § 285.

## E.     The Claims of the '372 Patent

36.     Claim 1 of the '372 Patent is an independent claim that recites:

A leg training device comprising a support frame and a seat mounted on the support frame, wherein the support frame is further provided with a leg exercise component and a counterweight bearer, and the counterweight bearer is rotatably disposed on the support frame; and a load transfer component for transferring a load is provided between the leg exercise component and the counterweight bearer; the load transfer component comprises a connecting element and a guiding element; at least two ends of the connecting element are respectively attached to the leg exercise component and the counterweight bearer; the connecting element bypasses the guiding element, and is configured to constantly transfer a weight of the counterweight bearer to the leg exercise component, and simultaneously pull the counterweight bearer to turn over; and the leg exercise component comprises a roller pad sleeved on a roller pad rod, a link mechanism, and an adjusting mechanism, and both the link mechanism and the adjusting mechanism are rotatably disposed on the support frame; wherein the link mechanism comprises a first rod, a second rod and a bolt; wherein the adjusting mechanism comprises an adjusting disk and a rotating shaft; wherein one end of the first rod is connected to the roller pad rod and another end is pivotally connected to one end of the second rod; and wherein the bolt is configured to connect the second rod to the adjusting disk.
'372 Patent, col.8, ll. 26-42. See Ex. A.

37. Claim 10 of the '372 Patent recites an alternative independent claim directed to a leg training device in which: the load transfer component comprises a rope and a guide wheel; the guide wheel is on the support frame; the rope passes through a wheel groove of the guide wheel and is divided into two parts attached respectively to the leg exercise component and the counterweight bearer; the support frame is provided with a fixed seat supporting the counterweight bearer at rest; and the two parts of the rope constitute a 1:1 transmission configured to pull the counterweight bearer away from the fixed seat to turn over. '372 Patent, col.10, ll. 5-17.

38. Claims 2 through 9 depend from Claim 1 and add additional limitations regarding the detachable connection of the link mechanism to the adjusting mechanism, bearings, adjusting holes, the rope and guide wheel, and the second rod's connection to the rotating shaft. Claim 11 depends from Claim 10 and adds a limitation requiring the support frame to comprise a bottom frame and an inclined frame.

**F. Invalidity of the '372 Patent**

**a. Invalidity Under 35 U.S.C. § 103 (Obviousness)**

39. All claims of the '372 Patent are invalid under 35 U.S.C. § 103 because the differences between the claimed invention and the prior art, as a whole, would have been obvious to a person of ordinary skill in the fitness equipment art at the time of Defendants' November 21, 2024 filing date.

40. The Johns Reference (U.S. Patent No. 5,356,360) constitutes the closest prior art and discloses the core structural elements of the '372 Patent's claimed leg training device, including: a frame base (support frame) supporting a user seat; a weight set (counterweight bearer) movably mounted on the frame; a cam assembly (leg exercise component) connected to the user's

13

limbs; and a cable-and-pulley system (load transfer component) transmitting force between the cam assembly and the weight set. The Johns Reference discloses the specific link mechanism and adjusting mechanism elements of Claim 1, specifically, a first rod (element 32), a second rod (element 6), a bolt (element 8), an adjusting disc (element 2), a rotating shaft (element 16), and first bearings (element 26), as the USPTO Examiner confirmed during prosecution of the '372 Patent. The only element not expressly disclosed in Johns is a counterweight bearer rotatably disposed on the support frame (as opposed to a conventional weight stack), which is supplied by Holman (U.S. Patent No. 10,500,439 B1) and the CN217067550U Reference, as set forth below.

41.     The CN217067550U Reference constitutes a secondary prior art reference that independently confirms the structural elements of Claim 1 and, in combination with Johns, renders Claims 1 through 9 obvious. Specifically, CN217067550U discloses a driving cam rotatably connected to a support frame via a first axis, directly corresponding to the adjusting disk and rotating shaft of Claim 1. It further discloses a hook-leg frame rotatably connected to that first axis and fixedly connected at a variable angle to the driving cam, corresponding to the second rod detachably connected to the adjusting disk. A first pull-pin is insertable into any of multiple spaced adjustment holes arrayed around the first axis on the driving cam, directly corresponding to the bolt insertable into any of the adjusting holes of Claims 1 and 7. The traction rope is fixedly connected to the driving cam via a first connection mechanism, corresponding to the load transfer component fixedly connected to the adjusting disk of Claim 4. The hook-leg frame's rotatable connection to the first axis further discloses the second rod connected to the rotating shaft of Claim 9. A person of ordinary skill in the fitness equipment art would have been motivated to combine Johns with CN217067550U because both references are in the same technical field of resistance exercise machines, both solve the same problem of providing adjustable resistance to the user's leg

14

exercise component, and CN217067550U's cam-and-linkage mechanism is a well-known, predictable structural solution for achieving the variable-angle adjustable connection described in Claim 1.

42. U.S. Patent No. 10,500,439 B1, the Holman Reference, discloses a weight-training device in which a rotatably mounted weight bearer serves as an art-recognized equivalent to a conventional weight stack. The USPTO Examiner expressly relied on Holman for this proposition in the Second Non-Final Office Action, finding that it would have been obvious to substitute the rotatably disposed counterweight bearer of the '372 Patent for the weight stack disclosed in Johns, rendering all claims of the '372 Patent obvious over Johns in view of Holman. See Ex. C.

43. For independent Claim 10 and dependent Claim 11, the Altas Reference, the RITFIT Reference, the Proformance Plus Reference and the Holman Reference each independently disclose the specific structural features that, when combined with the Johns Reference, render those claims obvious. In particular, these references disclose: (a) a rotatably mounted counterweight bearer that turns over in response to the connecting element's tension; (b) a fixed seat on the support frame that supports and orients the counterweight bearer in a rest position; (c) a rope-and-guide-wheel load transfer system achieving a 1:1 transmission ratio (an inherent property of a fixed pulley, which is common general knowledge in the mechanical arts); and (d) an inclined frame structure in which the leg exercise component, load transfer component, and counterweight bearer are situated at the top end of the inclined frame.

44. A person of ordinary skill in the fitness equipment art would have been motivated to combine the Johns Reference with the CN217067550U Reference, the Altas Reference, the RITFIT Reference, and/or the Proformance Plus Reference, with a reasonable expectation of success, because: (a) the Johns Reference, CN217067550U, the Altas Reference, the RITFIT

15

Reference, and the Proformance Plus Reference are all in the same technical field (resistance exercise machines for the lower limbs); (b) the references share common structural elements and address the same design challenges of providing adjustable, consistent resistance during leg extension and curl exercises; (c) the combination of these features was a straightforward application of known, predictable engineering principles; and (d) the resulting device would have been well within the skill set of a person of ordinary skill in the art.

45. Moreover, the USPTO Examiner's own prosecution history reveals that certain claim features were treated as obvious combinations of known prior art elements. The Examiner cited Holman (U.S. Pat. No. 10,500,439 B1) for the explicit proposition that a weight stack and a rotatably mounted counterweight bearer are "art recognized equivalents" in the exercise equipment field, and that it would have been obvious to substitute one for the other. This prosecution record constitutes strong evidence confirming that the combination of these elements as claimed in the '372 Patent was obvious to a person of ordinary skill in the art. See Ex. C.

46. The specific feature of a 1:1 transmission ratio achievable through a rope-and-fixed-pulley system is common general knowledge in the mechanical arts and constitutes a well-known property of fixed pulleys: they change the direction of force without altering the magnitude or displacement ratio. This principle is universally understood by practitioners in the fitness equipment field and does not represent a novel contribution.

47. Accordingly, Claims 1 through 11 of the '372 Patent are invalid for obviousness under 35 U.S.C. § 103 as obvious over the Johns Reference in combination with the Holman Reference, with further support from the CN217067550U Reference, the Altas Reference, the RITFIT Reference, and Proformance Plus References. Notably, this is the same obviousness

combination that the USPTO Examiner applied in rejecting all 18 pending claims during prosecution of the '372 Patent. RITFIT is entitled to a declaratory judgment to that effect.

### b. Invalidity Under 35 U.S.C. § 102 (Prior Art)

48.     One or more claims of the '372 Patent are also invalid under 35 U.S.C. § 102(a)(1) because the claimed invention was disclosed in prior art references that were publicly available before Defendants' effective filing date of November 21, 2024. RITFIT pleads the following anticipation contentions in the alternative and without prejudice to its non-infringement position: that which anticipates if earlier infringes if later, and vice versa. To the extent Defendants contend that any claim of the '372 Patent reads on a particular prior art product, that product constitutes anticipatory prior art if it predates the filing date.

49.     The RITFIT Reference was publicly available on Amazon.com as of September 30, 2024 and on RITFIT's official website as of September 20, 2024, more than seven weeks before Defendants' filing date. RITFIT is not the named inventor of the '372 Patent and shares no common inventive entity with Defendants; accordingly, the RITFIT Reference is therefore prior art under 35 U.S.C. § 102(a)(1). The USPTO Examiner expressly cited the RITFIT Reference as a prior art product during prosecution of the '372 Patent, confirming its status as publicly available prior art as of that date. See Ex. B. In the alternative and without prejudice to RITFIT's non-infringement position, to the extent any claim of the '372 Patent, as construed by Defendants in support of their infringement complaint against RITFIT's product (ASIN B0DJ8Z95WX), reads on the structural and functional features of the RITFIT Reference, each such claim is anticipated by the RITFIT Reference and therefore invalid under 35 U.S.C. § 102(a)(1). RITFIT expressly denies that the RITFIT Product infringes any valid and enforceable claim of the '372 Patent, as set forth in Count II herein.

50. The Altas Reference (Altas Strength Compact Leg Curl & Extension Station AL-169) was publicly available as of October 2, 2024, more than one month before Defendants' filing date. Altas Strength is a third party with no connection to Defendants, and the Altas Reference constitutes prior art under 35 U.S.C. § 102(a)(1). The Altas Reference discloses a leg training device with substantially the same structural and functional elements as those claimed in the '372 Patent, including a rotatably mounted counterweight bearer, a fixed seat support, a rope-and-pulley load transfer system, an inclined frame, and an adjustable leg exercise component. The Altas Reference independently anticipates Claim 10 of the '372 Patent, which requires: (a) a load transfer component comprising a rope and a guide wheel on the support frame; (b) a rope divided into two parts attached to the leg exercise component and the counterweight bearer via the guide wheel groove; (c) a 1:1 transmission ratio; (d) a fixed seat supporting the counterweight bearer at rest; and (e) a rotatably disposed counterweight bearer that turns over when the rope pulls it away from the fixed seat. The Altas Reference, as publicly available from at least October 2, 2024, predates the filing date by more than one month and discloses each of these elements.

51. The Proformance Plus Reference (Proformance Plus Plate Loaded Dual Leg Extension Prone Leg Curl) was publicly available via YouTube as early as August 23, 2021, more than three years before Defendants' filing date. This reference constitutes prior art under 35 U.S.C. § 102(a)(1) and discloses key structural features of the '372 Patent's claimed device.

52. The CN217067550U Reference was published on July 29, 2022, more than two years before Defendants' filing date. As a prior-published foreign patent document, the CN217067550U Reference constitutes prior art under 35 U.S.C. § 102(a)(1) and discloses structural and functional elements of the leg training device claimed in the '372 Patent, including an adjusting disk, rotating shaft, link mechanism components, and a load transfer component.

## G. The RITFIT Product Does Not Infringe the '372 Patent

53.     Patent infringement requires that an accused product contain each and every limitation of a claim, either literally or under the doctrine of equivalents. The RITFIT Product does not meet all limitations of any independent claim of the '372 Patent.

54.     With respect to Claim 1, the RITFIT Product lacks one or more of the claimed limitations, including without limitation the specific link mechanism configuration comprising the first rod, second rod, and bolt combination as claimed, and the specific adjusting mechanism configuration comprising the adjusting disk and rotating shaft as claimed. The RITFIT Product employs a materially different load transfer and resistance-adjustment structure that does not literally read on, and is not equivalent to, the structural combination defined in Claim 1.

55.     With respect to Claim 10, the RITFIT Product's rope-and-pulley transmission system and counterweight structure are not configured in the manner claimed. The RITFIT Product uses a 3:2 mechanical advantage ratio, not the 1:1 ratio required by Claim 10. The RITFIT Product does not infringe Claim 10 either literally or under the doctrine of equivalents.

56.     Because the RITFIT Product does not infringe the independent Claims 1 and 10, it similarly does not infringe any of the dependent Claims 2 through 9 (depending from Claim 1) or Claim 11 (depending from Claim 10), which necessarily include all limitations of the independent claim from which they depend plus additional limitations not present in the RITFIT Product.

57.     The doctrine of equivalents cannot be applied to recapture claim scope surrendered during prosecution. During prosecution of the '372 Patent, Defendants amended Claim 1 to require a specific link mechanism configuration in which a first rod connects the roller pad to a second rod, which is in turn connected to an adjusting disk via a bolt, a configuration Defendants argued was distinct from the cam assembly disclosed in Johns (U.S. Patent No. 5,356,360). Defendants

19

further amended Claim 10 to require a fixed seat on which the counterweight bearer is oriented and supported, and from which the rope pulls the counterweight bearer away to turn over, a feature Defendants argued was not disclosed in Johns or Holman. These narrowing amendments, made to overcome the Examiner's § 103 rejection, give rise to prosecution history estoppel that bars Defendants from asserting infringement under the doctrine of equivalents with respect to any claim scope surrendered by these amendments.

**COUNT I**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**
**(35 U.S.C. §§ 102 and 103)**

58. Plaintiffs repeat and reallege paragraphs 1 through 57 as though fully set forth herein.

59. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the validity of the '372 Patent. A patent is presumed valid under 35 U.S.C. § 282(a), but that presumption may be overcome by clear and convincing evidence.

60. As set forth in detail in the Factual Background above, all claims of the '372 Patent are invalid under 35 U.S.C. §§ 102 and 103 in view of the prior art identified herein.

61. Plaintiffs are entitled to a declaratory judgment that all claims of the '372 Patent are invalid under 35 U.S.C. §§ 102 and/or 103.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(35 U.S.C. § 271)**

62. Plaintiffs repeat and reallege paragraphs 1 through 61 as though fully set forth herein.

20

63.     An actual and justiciable controversy exists between Plaintiffs and Defendants concerning whether the RITFIT Product infringes any valid and enforceable claim of the '372 Patent.

64.     As set forth in detail in the Factual Background above, the RITFIT Product does not contain each and every limitation of any claim of the '372 Patent, either literally or under the doctrine of equivalents.

65.     Plaintiffs are entitled to a declaratory judgment that the RITFIT Product has not infringed and does not infringe any valid and enforceable claim of the '372 Patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

A.     A declaration that all claims of U.S. Patent No. 12,427,372 B2 are invalid under 35 U.S.C. §§ 102 and/or 103;

B.     A declaration that the RITFIT Product (ASIN: B0DJ8Z95WX) does not infringe and has not infringed any valid and enforceable claim of the '372 Patent, either literally or under the doctrine of equivalents;

C.     A permanent injunction ordering Defendants and all those acting in concert with them to refrain from asserting or threatening to assert the '372 Patent against RITFIT or their customers, resellers, distributors, suppliers, or manufacturers with respect to the RITFIT Product;

D.     A finding that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiffs' reasonable attorneys' fees and costs;

E.     An award of Plaintiffs' costs of suit;

F. An order requiring Defendants to immediately and unconditionally withdraw the patent infringement complaint filed with Amazon.com against RITFIT's product (ASIN B0DJ8Z95WX), and an order requiring Defendants to take all steps necessary to effectuate the full reinstatement of Plaintiffs' product listing on Amazon.com; and

G. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 17, 2026     Respectfully Submitted,

/s/Mingbo Ye
Mingbo Ye TX Bar# 24124835
Roumin Xie TX Bar# 24146927
Veritas Light Law Group, P.C.
4340 Von Karman Ave, Suite 290, Newport Beach, CA 92660
832-462-0087
mingboye@veritaslightlaw.com
rouminxie@veritaslightlaw.com

*Counsel for Plaintiffs RITFIT LLC and NINGBO RUITEFEI SPORTS TECHNOLOGY CO., LTD.*