**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RITFIT LLC and NINGBO RUITEFEI SPORTS TECHNOLOGY CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> ZHONG YIN, an individual; and NINGBO HUAYUE DIANZI SHANGWU YOUXIAN GONGSI d/b/a LIONSCOOL, <br><br> Defendants. | CASE NO.: 1:26-cv-4386 <br><br> Judge LaShonda A. Hunt <br><br> Magistrate Judge Daniel P. McLaughlin <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 4(f)(3) AND 4(h)(2)
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), Plaintiffs RitFit LLC and Ningbo Ruitefei Sports Technology Co., Ltd. (together, "Plaintiffs" or "RITFIT") respectfully move this Court for an order authorizing alternative service of process on the two foreign Defendants in this action.

In support of this Motion, Plaintiffs submit the following Memorandum of Law, the concurrently-filed Declaration of Mingbo Ye and the Exhibits thereto.

## I. INTRODUCTION

Plaintiffs bring this declaratory-judgment action against two foreign Defendants, Zhong YIN ("Yin"), the named inventor of the '372 Patent, and Ningbo Huayue Dianzi Shangwu Youxian Gongsi d/b/a Lionscool ("Huayue"), the entity to which Yin assigned the '372 Patent on November 7, 2025. Both Defendants are located in China and have no known U.S. presence. Plaintiffs now seek an order under Rules 4(f)(3) and 4(h)(2) authorizing two complementary service mechanisms, each tailored to the Defendant in question.

1

As to Defendant Yin, the named inventor of the '372 Patent, service is sought through two complementary channels, either of which would suffice on its own and both of which reach the same person, Mrs. Rakhee Tiwari, Esq., of KA Filing LLC, Yin's authorized U.S. patent agent and the named Correspondent on Yin's recorded '372 Patent assignment cover sheets. First, Plaintiffs ask the Court to authorize email service to contact@kafiling.com, the email address Yin himself formally designated to the USPTO, on the very face of his recorded '372 Patent assignment cover sheets executed November 7, 2025, as the address through which official correspondence concerning the '372 Patent shall be sent. That email address is the office email of Mrs. Tiwari's firm, which twice recorded Yin's assignment of the '372 Patent at the USPTO. Second, Plaintiffs ask the Court to authorize personal service by a process server upon Mrs. Rakhee Tiwari, Esq. at her office located at 2112 W. Marjory Ave., Tampa, Florida 33606. Because both proposed channels effect service *within the United States*, no Hague Convention procedures are implicated as to Yin. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (Hague Convention does not apply where service is made within the United States).

As to Defendant Huayue, the assignee of record of the '372 Patent and the party that filed the APEX complaint, service is sought by a single email delivery to DWELLFIT2020@outlook.com. That is the email address Huayue itself formally designated, in a written agreement signed by its principal Lin CHAO and submitted to Amazon.com, as the channel for all communications concerning the '372 Patent. Huayue, in short, has affirmatively chosen this email address as its operational contact point for all matters arising out of the '372 Patent. Service to that address satisfies due process by definition.

Each of the requested mechanisms is (i) not prohibited by any international agreement; (ii) reasonably calculated, under *Mullane*, to give the named Defendant actual notice and an opportunity to be heard; and (iii) supported by the reported decisions in this District to have confronted analogous facts. The Motion should be granted.

## II. FACTUAL BACKGROUND

### A. The '372 Patent and the Defendants

The '372 Patent issued on September 30, 2025, and identifies Defendant Zhong Yin as its sole named inventor. Declaration of Mingbo Ye ("Ye Decl.") ¶ 2. The face of the '372 Patent lists Yin's location only as "Zhejiang, China," with no city, district, street, or unit. *Id.* No more specific address for Yin appears anywhere in the published face of the '372 Patent. *Id.*

Defendant Huayue is a Chinese corporation whose registered address is 2nd Floor, Factory No. 7, No. 688 Jinda Road, Yinzhou District, Ningbo 315100, People's Republic of China. *Id.* ¶ 3. Huayue operates an Amazon.com storefront under the brand "Lionscool." *Id.* Neither Defendant is registered to do business in any U.S. state, maintains a U.S. registered agent, or has any known U.S. office, employee, or mailing address. *Id.* ¶ 12.

### B. The November 2025 Yin–Huayue Assignments and Yin's USPTO-Designated Email and U.S. Agent

On November 7, 2025, approximately five weeks after the '372 Patent issued, Defendant Yin executed a written Patent Assignment Agreement transferring all right, title and interest in the '372 Patent to Defendant Huayue (the "Assignment Agreement"). Ye Decl. ¶ 4 & Ex. A. The Assignment Agreement, which is bilingual (English/Chinese), is signed by Yin individually as "ASSIGNOR" and by Lin CHAO, as Huayue's "Principal," under Huayue's corporate seal. *Id.* On its face, the Assignment Agreement gives Yin's address of record as "Building 7, No. 688 Jinda Road, Panhuo Street, Yinzhou District, Ningbo, Zhejiang Province, China 315105." *Id.*

3

The Assignment Agreement was filed with the USPTO and recorded by Yin's patent counsel twice: first on November 21, 2025 (Reel 73655, Frame 0270, Assignment ID PATI1429202) and again on December 23, 2025 (Reel 74035, Frame 0119, Assignment ID PATI1497683). Ye Decl. ¶¶ 4-5 & Exs. A-B. Both recordations were submitted by Mrs. Rakhee Tiwari, Esq. of KA Filing LLC, whose office at 2112 W. Marjory Ave., Tampa, Florida 33606, is identified on each USPTO Patent Assignment Cover Sheet as the "Correspondent" for the '372 Patent. KA Filing LLC, the firm at which Mrs. Tiwari practices, is also identified in the USPTO Patent Center as the Correspondence Address of record for the '372 Patent (USPTO Customer Number 160315). *Id.*

Each USPTO Patent Assignment Cover Sheet expressly designates the email address contact@kafiling.com as the address to which all USPTO correspondence concerning the '372 Patent assignment shall be sent, and provides further: "Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via U.S. Mail." Ye Decl. ¶ 4 & Exs. A-B. By his counsel's recordation, executed and submitted twice on his behalf, Yin himself has formally chosen contact@kafiling.com as his designated email channel for official correspondence concerning the '372 Patent.

**C. Yin's USPTO Sworn Designation of Huayue as His Agent for '372 Patent Disputes**
Independent of (and prior to) the November 2025 Assignment Agreement, Defendant Yin had already submitted to the USPTO a sworn declaration under 37 C.F.R. § 1.130(b), dated March 18, 2025 (the "Rule 130(b) Declaration"), together with supporting documents dated February 9, 2024. Ye Decl. ¶ 6 & Ex. C. In those sworn USPTO filings, Yin judicially admitted, under penalty of perjury, that he had authorized Huayue to "handle" matters relating to the invention claimed in the '372 Patent, including disputes with third parties concerning that

4

invention. *Id.* That admission, taken together with the November 2025 Assignment Agreement, establishes that any communication addressed to Huayue concerning the '372 Patent is, by Yin's own sworn USPTO designation, a communication addressed to Yin's authorized representative for purposes of '372 Patent disputes.

### D. Defendants' APEX Complaint Against Plaintiffs

On February 13, 2026, Huayue executed a written Amazon Patent Evaluation Express Agreement with Amazon.com Services LLC (the "Executed APEX Agreement"). Ye Decl. ¶ 7 & Ex. D. Exhibit 1 to the Executed APEX Agreement, the "Patent Owner" schedule, is personally signed by Lin CHAO as "Principal" on behalf of Huayue. *Id.* That exhibit expressly identifies the '372 Patent ("US 12427372 B2") as the patent at issue, the Lionscool brand, and "DWELLFIT2020@Outlook.com" as the email address for communications relating to the APEX proceeding concerning the '372 Patent. *Id.*

Three days later, on February 16, 2026, Amazon.com issued to Plaintiffs an APEX Program notice (Case ID 19472439311), informing Plaintiffs that Defendants had initiated an APEX proceeding against Plaintiffs' leg-extension product (ASIN B0DJ8Z95WX) on the basis of the '372 Patent. Ye Decl. ¶ 8 & Ex. E. That notice again identified DWELLFIT2020@outlook.com as the patent owner's contact email. *Id.*

Approximately one month later, on March 13, 2026, Amazon.com issued a further APEX communication that independently identified the "Rights owner name" as "LIONSCOOL TEAM" and the "Rights owner email" as "DWELLFIT2020@OUTLOOK.COM." Ye Decl. ¶ 9 & Ex. F. Plaintiffs' ASIN was delisted from Amazon.com on March 10, 2026 as a direct result of Defendants' APEX complaint. *Id.* ¶ 11.

### E. Plaintiffs' Pre-Filing Email Test

On Wednesday, April 22, 2026, Plaintiffs' counsel transmitted to DWELLFIT2020@outlook.com a courtesy email providing Defendants with informal advance notice of this action (filed five days earlier on April 17, 2026, as Dkt. No. 1) and of Plaintiffs' intention to seek alternative service of process at that email address. Ye Decl. ¶ 10. The April 22, 2026 email did not include document attachments; its dual purpose was to confirm that the channel is operational and to provide Defendants with informal advance notice. As of the filing of this Motion on April 27, 2026, that transmission has not been returned as undeliverable, has not generated any bounce-back or similar delivery failure message, and has not been the subject of any objection from Defendants. *Id.*

### III. LEGAL STANDARD

Rule 4(f) governs service on an individual in a foreign country, and Rule 4(h)(2) incorporates Rule 4(f)'s mechanisms, except personal delivery under Rule 4(f)(2)(C)(i), for service on foreign business entities. *See* Fed. R. Civ. P. 4(f), 4(h)(2). Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). It is "merely one means among several which enables service of process on an international defendant." *Id.* A plaintiff need not first attempt service under Rule 4(f)(1) or Rule 4(f)(2) before invoking Rule 4(f)(3). *Id.* at 1014-15; *accord Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 327 (N.D. Ill. 2024).

The district court has "wide discretion" to order service through any means (1) not prohibited by international agreement and (2) comporting with constitutional notions of due

process, i.e., a method "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see also NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 549 F. Supp. 3d 790, 795–96 (N.D. Ill. 2021).

## IV. ARGUMENT

### A. Service on Defendant Yin Through His Authorized U.S. Patent Agent of Record Satisfies Rule 4(f)(3) and Avoids the Hague Convention Entirely.

Defendant Yin's only locational information of record on the face of the '372 Patent is a bare province-level designation, "Zhejiang, China," which would render conventional Hague service on him as an individual difficult, if not impossible. Ye Decl. ¶ 2. Plaintiffs need not, however, attempt Hague service at all. Yin retains an authorized U.S. patent agent of record for the '372 Patent, Mrs. Rakhee Tiwari, Esq. of KA Filing LLC, Tampa, Florida, whose office twice recorded Yin's assignment of the '372 Patent at the USPTO within the past five months. Plaintiffs ask the Court to authorize service on Yin through Mrs. Tiwari by either or both of two complementary methods: (1) electronic mail to her office at the email address Yin himself designated to the USPTO for '372 Patent correspondence; and (2) personal service by a process server at her Tampa office. Both methods effect service *within the United States*, and so neither implicates the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).

### 1. Email to contact@kafiling.com: Yin's USPTO-designated correspondence email.

On November 21, 2025 and again on December 23, 2025, Yin (acting through Mrs. Rakhee Tiwari, Esq.) caused two USPTO Patent Assignment Cover Sheets concerning the '372 Patent to be filed and recorded. Ye Decl. ¶¶ 4-5 & Exs. A-B. On the face of each cover sheet, Yin

formally designated contact@kafiling.com as the email address for all USPTO correspondence concerning the '372 Patent and stipulated, in writing, that "[c]orrespondence will be sent to the e-mail address first." *Id.*

Where a defendant has affirmatively designated, in a sworn writing filed with a U.S. federal agency just months before suit, a particular email address as his official channel for correspondence concerning the very patent at issue, service to that address for litigation arising out of that same patent satisfies *Mullane a fortiori. Cf. Rio Props.*, 284 F.3d at 1017-18 (email service where defendant "structured its business such that it could be contacted only via its email address"); *Peanuts Worldwide*, 347 F.R.D. at 329 (email addresses defendants "provided to commercial platforms" supported Rule 4(f)(3) email service).

**2. Personal service by a process server on Mrs. Rakhee Tiwari, Esq. at her Tampa, Florida office.**

Mrs. Rakhee Tiwari, Esq., of 2112 W. Marjory Ave., Tampa, Florida 33606, is Yin's authorized U.S. patent agent in connection with the '372 Patent. Ye Decl. ¶¶ 4-5. Mrs. Tiwari's office prepared, signed, and recorded the Yin–Huayue assignment with the USPTO twice, first on November 21, 2025 and again on December 23, 2025, each recordation bearing her firm's docket number 467-696. Ye Decl. ¶ 5 & Exs. A-B. Mrs. Tiwari is, in short, Yin's currently active U.S. agent for matters arising out of the '372 Patent.

Service on a foreign individual's U.S. patent counsel of record is well within the scope of Rule 4(f)(3). *See In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (Rule 4(f)(3) service on foreign individuals via their U.S. counsel of record); *SEC v. Anticevic*, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (same). Where the U.S. agent is the very person who, less than five months before suit,

twice executed and submitted the foreign individual's assignment of the patent in suit, the agency relationship is beyond dispute, and the *Mullane* inquiry is decisively answered.

### 3. Yin's sworn USPTO designation of Huayue as his agent provides additional support.

Even setting aside the two Yin-specific channels above, Yin's March 18, 2025 Rule 130(b) Declaration to the USPTO is a judicial admission that Huayue is authorized to "handle" '372 Patent disputes on his behalf. Ye Decl. ¶ 6 & Ex. C. As a backstop, that admission means service on Huayue at DWELLFIT2020@outlook.com reaches Yin through the very channel he himself identified, under penalty of perjury, to a U.S. federal agency, as the channel Huayue would use to handle '372 Patent disputes on his behalf.

### B. Service on Huayue at DWELLFIT2020@outlook.com Satisfies Rule 4(h)(2)'s and Rule 4(f)(3)'s Twin Requirements.

### 1. Service by email on a Chinese entity is not prohibited by any international agreement.

Rule 4(f)(3)'s threshold requirement is that the proposed method of service not be "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The People's Republic of China is a signatory to the Hague Convention, which, however, does not address service by electronic mail. *See Peanuts Worldwide*, 347 F.R.D. at 329; *NBA Props.*, 549 F. Supp. 3d at 796-97.

China's only relevant Hague Convention reservation is its objection under Article 10(a) to service by "postal channels." That reservation concerns physical mail, not electronic mail, and courts in this District have repeatedly held that China's Article 10(a) reservation does not bar Rule 4(f)(3) service by email. *See, e.g.*, *Peanuts Worldwide*, 347 F.R.D. at 329; *NBA Props.*, 549 F. Supp. 3d at 797.

### 2. Service to DWELLFIT2020@outlook.com is reasonably calculated to provide Huayue with actual notice.

The second Rule 4(f)(3) requirement, *Mullane* due process, is satisfied with extraordinary force here. Huayue itself selected DWELLFIT2020@outlook.com as the email address for

all '372 Patent communications. In signing Exhibit 1 to the Executed APEX Agreement, Huayue's principal Lin CHAO personally designated DWELLFIT2020@outlook.com as the email address through which communications relating to the '372 Patent evaluation would occur. Ye Decl. ¶ 7 & Ex. D. When a defendant affirmatively designates an email address as the contact channel for disputes arising out of a particular U.S. patent, service to that same address for litigation arising out of that same patent is the paradigm of a method "reasonably calculated" to provide notice. *Cf. NBA Props.*, 549 F. Supp. 3d at 797 (recognizing that "email was a more reliable method of service" than physical mail because the defendant's email address was "verified by the sales platform" while the physical address was not).

Three independent, Amazon-originated records confirm Huayue's designation: (i) the Executed APEX Agreement signed by Lin CHAO on February 13, 2026 (Ex. D); (ii) Amazon's February 16, 2026 APEX Program notice (Ex. E); and (iii) Amazon's March 13, 2026 Appeal Reply (Ex. F). All three identify DWELLFIT2020@outlook.com as Defendants' contact point for the '372 Patent. Where three independent records converge on a single defendant-supplied email address, the *Mullane* inquiry is not close.

Plaintiffs' April 22, 2026 pre-filing transmission to DWELLFIT2020@outlook.com confirms that the address is operational. Ye Decl. ¶ 10. As of the filing of this Motion, that transmission has not bounced back or otherwise generated any delivery failure. The Ninth Circuit has held that the absence of a bounce-back is "strong evidence" that an email address is operational and that service through it is reasonably calculated to provide notice. *Rio Props.*, 284 F.3d at 1017.

### C. Plaintiffs Are Not Required to Exhaust Hague Convention Procedures.

Defendants may argue that Plaintiffs must first attempt service through China's Central Authority (the Ministry of Justice) under Article 5 of the Hague Convention. The law is otherwise. The Ninth Circuit squarely held in *Rio Properties* that "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio Props.*, 284 F.3d at 1015. "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," and "is neither a 'last resort' nor 'extraordinary relief.'" *Id.*

The majority view in this District follows *Rio Properties* and does not require a plaintiff to first exhaust Hague channels before obtaining Rule 4(f)(3) relief. *See NBA Props.*, 549 F. Supp. 3d at 795-96. The plain text of Rule 4(f)(3) imposes no exhaustion requirement.

Hague service on Chinese defendants routinely takes six to twelve months or longer to complete. Ye Decl. ¶ 13. Each day of that delay compounds the ongoing marketplace harm Plaintiffs suffered when their ASIN was delisted on March 10, 2026 as a direct result of Defendants' APEX complaint. *Id.* Rule 4(f)(3) exists to prevent precisely that kind of attritional disadvantage, particularly where, as here, Plaintiffs have identified three defendant-designated points of contact, each one selected by the Defendants themselves, that are far more likely to provide actual notice than a months-long Central Authority submission.

**D. The Combined Service Mechanism Is Particularly Appropriate Here.**

This case presents the paradigmatic fact pattern for Rule 4(f)(3) and Rule 4(h)(2) alternative service:

(i)  Both Defendants are located in China, with no known U.S. presence;

11

(ii) Defendant Yin affirmatively designated contact@kafiling.com to the USPTO, on the very face of his recorded '372 Patent assignment cover sheets, as the address for official correspondence concerning the '372 Patent;

(iii) Defendant Yin's authorized U.S. patent agent of record, Mrs. Rakhee Tiwari, Esq., is located in Tampa, Florida, and twice executed and submitted on Yin's behalf the assignment of the very patent at issue;

(iv) Defendant Huayue affirmatively designated DWELLFIT2020@outlook.com, in a written agreement signed by its principal, as the email channel for communications concerning the very patent at issue in this action;

(v) Three independent Amazon-originated records, plus two recorded USPTO assignment cover sheets, plus the executed Patent Assignment Agreement, all corroborate the various designations;

(vi) Plaintiffs' April 22, 2026 pre-filing transmission to DWELLFIT2020@outlook.com did not bounce back; and

(vii) Plaintiffs suffer continuing irreparable harm from the March 10, 2026 ASIN delisting caused by Defendants' APEX complaint, making the months-long Hague route prejudicial to the orderly administration of this case.

On these facts, the requested service mechanisms are not merely permissible under Rules 4(f)(3) and 4(h)(2); they are the methods most likely, far more so than Hague service, to provide each Defendant with actual notice of this action.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order:

(a) authorizing Plaintiffs to effect service of process on Defendant Zhong YIN by either or both of: (i) electronic mail to contact@kafiling.com; and/or (ii) personal service by a process server upon Mrs. Rakhee Tiwari, Esq. of KA Filing LLC, Yin's U.S. patent agent and the named Correspondent on Yin's recorded '372 Patent assignment cover sheets, at her office located at 2112 W. Marjory Ave., Tampa, Florida 33606;

(b) authorizing Plaintiffs to effect service of process on Defendant Ningbo Huayue Dianzi Shangwu Youxian Gongsi d/b/a LIONSCOOL by electronic mail to DWELLFIT2020@outlook.com; and

(c) providing that service effected through any of the foregoing channels shall constitute effective and valid service of process on the corresponding Defendant under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).

Dated: April 27, 2026

Respectfully Submitted,
By: /s/ Mingbo Ye
Mingbo Ye TX Bar# 24124835
Roumin Xie TX Bar# 24146927
Veritas Light Law Group, P.C.
4340 Von Karman Ave, Suite 290, Newport
Beach, CA 92660
682-200-9607
mingboye@veritaslightlaw.com
rouminxie@veritaslightlaw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Notice of Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on April 27, 2026.

<u>/s/ Mingbo Ye</u>
Mingbo Ye